UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL C. RANSAW,**

    Plaintiff**,**

v.                                  Case No.: 8:06-CV-2393-T-23EAJ

**HERNANDO COUNTY SCHOOL BOARD,**
**et al.,**

    Defendants.
_____/

### REPORT AND RECOMMENDATION

Before the court are **Defendants' Motion for Summary Judgment** (Dkt. 35) and **Defendants' Motion for Sanctions** (Dkt. 37). These matters have been referred by the District Judge for a report and recommendation. (Dkt. 45)

Defendants argue that they are entitled to summary judgment because Plaintiff's claims are barred by the doctrine of *res judicata*. (Dkt. 35) In the alternative, Defendants assert that Plaintiff's claims should be dismissed because Plaintiff filed an untimely charge with the Equal Employment Opportunity Commission ("EEOC"). Defendants also filed a motion for sanctions against Plaintiff for violating Fed. R. Civ. P. 11. (Dkt. 37) Defendants assert that Plaintiff failed to undertake a reasonable inquiry prior to filing this action. (Dkt. 37 at 3-5)

Plaintiff failed to file a timely response to Defendants' motions. The court denied Plaintiff's renewed motion for leave to file an untimely response to Defendants' motions because Plaintiff did not establish excusable neglect for the untimely response. (Dkt. 58)

    **I.**    **Background Facts**

On November 22, 2004, Plaintiff was suspended from his position as principal by Defendants, Hernando County School Board ("HCSB") and Wendy Tellone ("Tellone"), Superintendent of HCSB. (Dkt. 35-2 at 9)  On January 10, 2005, Tellone recommended to the HCSB that Plaintiff's employment contract be terminated. (Id.)

On July 12, 2005, Plaintiff filed a charge of discrimination with the EEOC against the HCSB and Tellone alleging retaliation and disparate treatment. (Dkt. 35-2 at 9)

On November 29, 2005, Plaintiff filed a complaint in district court against Defendants alleging retaliation and disparate treatment related to Plaintiff's suspension from his position as principal. (Dkt. 35-4 at 5-36)  See  Ransaw v. Hernando County School Board, No. 8:05-cv-2174-T-23-MSS, ("Ransaw I").  Specifically, Plaintiff alleged that Defendants retaliated against him and Plaintiff suffered disparate disciplinary action because Plaintiff filed various complaints against the HCSB and Tellone.  On July 17, 2006, the court dismissed the complaint in Ransaw I for failure to prosecute. (Dkt. 35-4 at 1-2)

On September 20, 2006, Plaintiff filed a second charge of discrimination with the EEOC against HCSB and Tellone alleging retaliation and disparate treatment resulting from Plaintiff's suspension and  recommended termination. (Dkt. 35-2 at 2)   Plaintiff's termination was effective on April 24, 2006.  (Id.)  By notice dated October 2, 2006, the EEOC dismissed Plaintiff's charge as untimely. (Dkt. 35-2 at 6)

On April 27, 2007, Plaintiff filed an amended complaint in this action.[1] (Dkt. 4)  In this employment discrimination case, Plaintiff alleges that the HCSB and six HCSB employees violated his rights by suspending him from his job without just cause. (Dkt. 4)  In Count I of the amended

---

[1]   Plaintiff filed a complaint on December 29, 2006. (Dkt. 1)

2

complaint, Plaintiff alleges that the HCSB retaliated against him for complaining about his suspension and for filing complaints against the HCSB and Tellone. In Counts II through VI, Plaintiff alleges that various employees of the HCSB breached his employment contract by ratifying the school board's decision to suspend Plaintiff. In Count VII, Plaintiff alleges that the HCSB was grossly negligent in suspending Plaintiff without just cause. Finally, in Counts VIII and IX, Plaintiff alleges that the HCSB and Tellone treated him differently than similarly situated individuals. (Dkt. 4)

The relevant procedural history of this case, including Plaintiff's repeated failure to comply with the court's rules and orders, is set forth in the court's August 29, 2007 order. (Dkt. 58) Thus, the procedural facts will not be repeated unless necessary to address the pending motions.

**II.    Defendants' Motion for Summary Judgment**

A.   Whether Plaintiff's Claims are Barred by Doctrine of Res Judicata

The doctrine of *res judicata* "acts as a bar to all legal theories and claims arising out of the same operative nucleus of fact" and also "bars the filing of claims which were raised or could have been raised in an earlier proceeding." Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1270 n.3, 1271 (11th Cir. 2002) (citations omitted). A subsequent suit is precluded by the presence of four factors: "(1) a final judgment on the merits rendered in the previous suit; (2) the judgment was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both cases; and (4) the same cause of action is involved in both cases." Thomas v. Evans, 880 F.2d 1235, 1240 (11th Cir. 1989) (citation omitted). "Whether the same cause of action exists is determined by reference to the 'operative nucleus of fact.'" Id.

Upon review of the record, the court concludes that this case meets the four elements of *res*

*judicata.* The district court rendered a final judgment on the merits when it dismissed Plaintiff's complaint in <u>Ransaw I</u> for failure to prosecute. Unless the court in its order of dismissal specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. <u>Tuscano v. Evening Journal Ass'n</u>, 179 Fed. App'x 621, 626 n. 5 (11th Cir. 2006); Fed. R. Civ. P. 41(b).

Next, the two law suits involve the same parties. In both actions, Plaintiff sued the HCSB and the following six HCSB employees: Wendy Tellone, Jim Malcolm, Robert Wiggins, John Druzbick, Sandra Nicholson and Pat Fagan.

Finally, the two actions involve the same cause of action for *res judicata* purposes. In both cases, Plaintiff alleges that the Defendants retaliated against him for filing complaints against Defendants and that Plaintiff suffered from disparate treatment. Indeed, the two complaints contain strikingly similar allegations concerning the following matters: (1) Plaintiff's November 2004 suspension, (2) Plaintiff's state lawsuit filed against Defendants, (3) Plaintiff's complaints against Defendants filed with the HCSB and the Florida Department of Education, (4) the formal charges filed against Plaintiff by the HCSB in January 2005, (5) the terms of Plaintiff's employment contract and (6) the employees who were similarly situated but treated differently than Plaintiff. The only significant difference between the two complaints is the addition of facts in the second complaint relating to the administrative hearing on Plaintiff's suspension and recommended termination. However, these supplemental allegations arise from the same nucleus of facts concerning Plaintiff's suspension and recommended termination set forth in Plaintiff's prior lawsuit.

To the extent that Plaintiff contends that this action raises a new theory of recovery based upon a breach of his employment contract, Plaintiff addressed this issue in earlier action. In <u>Ransaw I</u>, Plaintiff alleged that Defendants' decision to suspend Plaintiff and subsequent recommendation

4

to terminate Plaintiff were "in violations of the law and the employment contract between the parties." (Dkt. 35-4, Counts III-VIII)  Moreover, even assuming this court determined that Plaintiff had not asserted a breach of contract claim in Ransaw I, the doctrine of *res judicata* pertains not only to claims that were raised in the prior action, but also to claims that could have been raised previously.  Likewise, Plaintiff's tort claim alleging gross negligence could have been raised in the first lawsuit.

In sum, the court finds that Plaintiff is barred from litigating claims that were dismissed in an earlier action.  As such,  Defendants' argument that Plaintiff's claims should be dismissed because he filed an untimely charge with the EEOC is moot.[2]  Accordingly, the court recommends that Defendants' motion for summary judgment be granted and judgment entered in favor of Defendants.

**III.     Defendants' Motion for Sanctions**

Defendants seek sanctions against Plaintiff asserting that Plaintiff failed to undertake a reasonable inquiry prior to filing this action as required by Fed. R. Civ. P. 11.  (Dkt. 37) Specifically, Defendants contend that Plaintiff violated Rule 11 in the following three ways: (1) filing a second lawsuit that was barred by the doctrine of *res judicata*, (2) filing suit based on a

---

[2] Although Plaintiff must file a timely charge of discrimination with the EEOC to obtain judicial consideration of his Title VII claim,  Plaintiff's claims of discrimination pursuant to Section 1981, breach of contract claims and tort claim do not require timely exhaustion of administrative remedies.  42 U.S.C. § 2000e-5(e)(1); see Sanders v. City of Montgomery, 319 F. Supp. 2d 1296, 1311 (M.D. Ala. 2004)(claims of race discrimination pursuant to Section 1981 do not require timely exhaustion of administrative remedies with the EEOC prior to suit).  Under Florida law, the statute of limitations for a breach of contract action is five years and four years for a negligence action. Fla. Stat. §§ 95.11(2)(b), (3)(a).  Thus, even assuming Plaintiff filed an untimely discrimination charge with the EEOC, Defendants would not be entitled to summary judgment on all of Plaintiff's claims based on this argument.

untimely EEOC charge, and (3) misrepresenting facts in the amended complaint concerning his state teacher certification. (Dkt. 37 at 3-5)

Fed. R. Civ. P. 11 provides in relevant part that:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information or belief, formed after an inquiry reasonable under the circumstances, (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b).

In the Eleventh Circuit, three types of conduct warrant Rule 11 sanctions: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose. Didie v. Howes, 988 F.2d 1097, 1104 (11th Cir. 1993). Because an objective standard of reasonableness governs whether Rule 11 has been violated, "a federal district court is required to evaluate whether the motion, pleading or other paper reflected what could reasonably have been believed by the signer at the time of signing." Aetna Ins. Co. v. Meeker, 953 F.2d 1328, 1331 (11th Cir. 1992). However, Rule 11 obligations are not measured solely at the time of filing because a party or counsel has a continuing obligation to advise court of any changes regarding

veracity of information filed before the court. Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997).

Procedural due process requires notice and an opportunity to be heard before attorneys and clients face possible discipline under Rule 11. Donaldson v. Clark, 819 F.2d 1551, 1558 (11th Cir. 1987). An attorney or party should be given early notice that his or her conduct may warrant Rule 11 sanctions. Id. at 1560. Although counsel or party must be given an opportunity to respond as may be appropriate, a separate hearing is not a prerequisite to the imposition of Rule 11 sanctions. Id. Indeed, Rule 11 itself constitutes a form of notice that sanctions can be imposed for a baseless pleading because the rule imposes an affirmative duty on an attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed. Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1294 n. 14 (11th Cir. 2002). Thus, an attorney cannot assert that he lacked notice or knowledge of the standard of conduct that Rule 11 itself provides. Id.

Furthermore, other courts have held that a motion for Rule 11 sanctions may be granted by default for failure to respond. See e.g. DiPaolo v. Moran, 407 F.3d 140, 144 (3d Cir. 2005); Geller v. Randi, 40 F.3d 1300, 1304 (D.C. Cir. 1995); Aziz v. Penn. State Univ., No. 97-1134, 1998 U.S. Dist. LEXIS 18612, at * 9 (E.D. Pa. Nov. 17, 1998). A party's failure to respond to a motion for sanctions will not limit the applicability of Rule 11. Geller, 40 F.3d at 1304.

Here, the court finds that the conduct of Plaintiff's counsel, Willie Jones, Esq. ("Jones") warrants the imposition of sanctions under Rule 11(b)(2) for filing meritless claims. As discussed supra, Plaintiff's claims are barred by the doctrine of *res judicata*. If Jones had conducted an objectively reasonable inquiry prior to filing the amended complaint, he would not have filed the action. By examining the relevant case law and reviewing Plaintiff's allegations and claims, Jones

could have determined that there was no possibility of prevailing on the merits.  Instead, Jones ignored the adverse judgment in Ransaw I and filed a second lawsuit based on the same claims dismissed in Ransaw I.

Moreover, Jones had adequate notice and an opportunity to be heard regarding Defendants' motion for sanctions.  Defendants gave Jones notice of the alleged Rule 11 violations on July 2, 2007. (Dkt. 37 at 6)  At the end of the notice period, Defendants filed the motion for sanctions on July 24, 2007. (Dkt. 37)  None of Plaintiff's pleadings or claims were withdrawn or corrected in the intervening period.[3]  Plaintiff's response to Defendants' motion for sanctions was due on or before August 10, 2007.  Despite the court's prior warnings to comply with applicable rules and orders, Jones failed to file a timely response, or any response at all, to Defendants' motion for sanctions. (Dkts. 33, 34, 38, 48)  Jones also failed to establish excusable neglect for his failure to file a timely response. (Dkt. 58)

Indeed, the court repeatedly cautioned Jones that his failure to diligently prosecute the case and chronic failure to comply with the court's rules and orders would result in sanctions.  On June 28, 2007, the court held that "[c]ounsel's continued disregard for (or unawareness of) the applicable rules risks the imposition of sanctions." (Dkt. 33 at 2)  On June 29, 2007, the court warned Jones that future non-compliance with applicable rules and orders would result in the imposition of sanctions. (Dkt. 34)  By order of July 31, 2007, the court stated that Jones's "insouciance has wasted the Court's time and burdened the Clerk and counsel for defendants.  Mr. Jones's further

---

[3] Defendants complied with the safe harbor provision of Rule 11.  See Fed. R. Civ. P. 11 ( c)(1)(A)(a motion for sanctions shall not be filed with the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected).

violations of any order, Local Rule, or Federal Rule of Civil Procedure may result in the a fine of at least $500 assessed against Mr. Jones personally for each violation, reference to the Middle District grievance committee, or other judicial sanction." (Dkt. 48 at 2)  Thus, the court finds that because Jones filed claims that lacked legal merit, Jones's conduct warrants the imposition of sanctions.[4]

Defendants further contend that sanctions should be imposed because Plaintiff's amended complaint contains a false statement regarding Plaintiff's teaching certificate in violation of Rule 11(b)(3).  In the amended complaint, Plaintiff alleges that he "is, and was, legally qualified to be a principal in the State of Florida, as is evidenced by his Professional/Specialist Florida Teacher's Certificate No.: 721814." (Dkt. 4 at 6, ¶ 26)  Defendants assert that this allegation is patently false because Plaintiff's certificate was revoked by the State of Florida on January 4. 2007.  Defendants attached a copy of the final order issued by the Education Practices Commission to the motion for sanctions.  This order permanently revoked Plaintiff's educator's certificate and permanently barred Plaintiff from applying for another Florida educator's certificate. (Dkt. 37 at 11-12)

This court agrees that Jones's conduct warrants sanctions.  Prior to filing the amended complaint, Jones was required to make a reasonable inquiry to ensure that the factual contentions have evidentiary support or likely to have evidentiary support after further discovery.  Even assuming Jones was not aware that Plaintiff's certificate had been revoked when Jones filed and signed the amended complaint in April 2007, Jones had an opportunity to correct this factual

---

[4] Because the court finds that Jones violated Rule 11(b)(2) by filing and maintaining claims barred by the doctrine of *res judicata*, the court will not address Defendants' argument that Plaintiff also violated Rule 11(b)(2) by filing claims based upon an untimely EEOC charge.  As discussed supra, even assuming Plaintiff filed an untimely charge of discrimination, Defendants would not be entitled to summary judgment on all of Plaintiff's claims.

contention before Defendants' motion for sanctions was filed. Sanctions are warranted when an attorney exhibits a deliberate indifference to obvious facts. See Advisory Committee Note, Fed. R. Civ. P. 11( c)(rule allows sanctions when an attorney continues to insist upon a position after it is no longer tenable).

Rule 11 sanctions are designed to discourage dilatory or abusive tactics and help streamline the litigation process by lessening frivolous claims. Didie, 988 F.2d at 1104. Sanctions may be imposed for the purpose of deterrence, compensation or punishment. Id. In this case, the court finds that the purposes of Rule 11 sanctions—deterrence, compensation, and punishment—are well-served by imposing sanctions against Jones for filing an amended complaint which was barred by the doctrine of *res judicata* and contained allegations unsupported by the evidence.[5]

Defendants request that the court assess as sanctions Defendants' attorney's fees and costs incurred in responding to Plaintiff's amended complaint and filing the motion for summary judgment. Defendants have not filed an affidavit in support of their request for the fees and costs. In addition, Defendants fail to specify the total amount of fees and costs they are seeking.

When a court determines that Rule 11(b) has been violated, the court has the discretion to impose appropriate sanctions upon the attorneys, law firms or parties and may award reasonable fees and expenses incurred in presenting the motion. In determining the amount of sanctions, the court must consider Jones' ability to pay. Baker v. Alderman, 158 F.3d 516, 529 (11th Cir. 1998).

---

[5] On September 7, 2007, Plaintiff's counsel filed a motion to withdraw and to stay proceedings. (Dkt. 60) Plaintiff's counsel failed to comply with applicable court rules by providing a 10 day notice to his client and opposing counsel of his intention to withdraw. See Local Rule 2.03(b), M.D. Fla. As such, the court denied without prejudice Plaintiff's motion. (Dkt. 61) Plaintiff's counsel's attempt to withdraw from representation in this case does not insulate him from sanctions in this matter. See St. Amant v. Bernard, 859 F.2d 379, 384 (5th Cir. 1988).

However, Jones has failed to respond to the motion for sanctions and there is no financial information on Jones' ability to pay a monetary sanction.[6] Nevertheless, the court finds that Jones is a practicing attorney who has represented Plaintiff in multiple actions in different jurisdictions. Along with this case, Jones has a practice sufficient to represent Plaintiff in Ransaw I and in a state administrative hearing on Plaintiff's suspension and recommended termination. Accordingly, the court determines that Jones is able to pay $1,000.00 in attorney fees and costs. The court, therefore, recommends that Jones be required to pay Defendants $1,000.00 in partial payment of the attorney's fees and costs incurred by Defendants in defending this case.[7]

In addition, the court finds that the imposition of a non-monetary sanction is warranted. Fed. R. Civ. P. 11(c)(2). An appropriate sanction in this instance is to require Jones, at his own expense, to attend and complete two continuing legal education courses on professionalism and basic federal practice. The court recommends that Jones complete the Florida Bar's continuing legal education courses entitled Practicing with Professionalism, which is required of all newly admitted attorneys, and Basic Federal Practice by March 1, 2008. The court also recommends that Jones file proof of his attendance and completion of the courses with this court.

As to Defendants' request that sanctions be imposed upon Plaintiff, there is no evidence to support the imposition of such sanctions. In this instance, it was Jones who signed the pleadings and was obligated to advise his client that further litigation was precluded. This court may not impose

---

[6] Arguably, by failing to respond to the motion for sanctions, Jones has waived his right to have his financial ability to pay considered. See Universal Commun. Sys. v. Turner Broadcasting Sys., No. 05-20047-CIV-JORDAN, 2006 U.S. Dist. LEXIS 22062, at * 8 (S.D. Fla. Feb. 10, 1996).

[7] If Jones fails to comply with any further orders of this court, the court would be justified in assessing additional sanctions.

a monetary award against a party for a violation of Rule 11(b)(2).   Fed. R. Civ. P. 11 ( c)(2)(A). The Advisory Committee Note indicates that monetary responsibility for filing baseless lawsuits shall fall upon the individual responsible for filing the offending document.  Advisory Committee Note, Fed. R. Civ. P. 11(b)(2).  Ordinarily, a court does not impose monetary sanctions upon a client unless the client knowingly misrepresents facts or it is clear the client is the mastermind behind the frivolous case.  Byrne v. Nezhat, 261 F.3d 1075, 1118 (11th Cir. 2001).  Likewise, Defendants failed to produce any evidence to suggest that Plaintiff was aware of the inaccurate allegations in the amended complaint or that Plaintiff was aware of Defendants' motion for sanctions.  Therefore, the court recommends that sanctions not be imposed against Plaintiff.

**IV. Conclusion**

For the reasons stated above, the court recommends that Defendants' motion for summary judgment be granted and Plaintiff's claims be dismissed.  The court further recommends that Defendants' motion for sanctions be granted in part as to Jones and denied as to Plaintiff.  The court recommends the following sanctions be imposed: Jones be required to pay Defendants $1,000.00 for attorney's fees and costs, Jones be required to attend and complete two continuing legal education courses and Jones be required to file proof of attendance and completion of the courses with the court.

**V.    RECOMMENDATION**

It is therefore **RECOMMENDED** that:

(1)    the **Defendants' Motion for Summary Judgment** (Dkt. 35) be **GRANTED** and judgment entered for Defendants;

(2)    the **Defendants' Motion for Sanctions** (Dkt. 37) be **GRANTED IN PART** as to Jones and

**DENIED** as to Plaintiff.

**DONE** and **ORDERED** in Tampa, Florida this 30th day of October, 2007.

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal and a de novo determination by a District Judge. See 28 U.S.C. 636 (b)(1).

13